1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TARABOCHIA,

                     Petitioner,

        v.

DOUG WADDINGTON,

                     Respondent.

Case No.  C05-5516RJB

REPORT AND
RECOMMENDATION

Noted for April 14, 2006

Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center, located in Aberdeen, Washington.  This matter is before the court on his petition for writ of *habeas corpus* filed with this court pursuant to 28 U.S.C. § 2254. (Dkt. #9).  Respondent has answered the petition and filed the relevant state court records.  Thus, the case is ripe for review and a decision by the court.

                            FACTUAL AND PROCEDURAL HISTORY

Petitioner was found guilty of two counts of child molestation in the first degree, one count of child molestation in the second degree, and one count of sexual exploitation of a minor on October 16, 2000, in Wahkiakum County Superior Court pursuant to a plea. Respondent's Submission of Relevant State Court Record ("Record"), Exhibit 1, p. 1 (Dkt. #18).  He was sentenced to a total prison term of 126 months. Id. at p. 5.  The Washington State Court of Appeals Division II Court Commissioner summarized the relevant facts of this case as follows:

On October 16, 2000, Tarabochia entered pleas of guilty to two counts of child

molestation in the first degree, one count of child molestation in the second degree and one count of sexual exploitation of a minor.  The superior court allowed Tarabochia "to be released for work pending sentencing in order to fish during daylight hours." . . .

On October 22, 2000, the State moved for an order clarifying this condition of release, citing difficulty in interpreting the periods during which release was proper.  The court heard argument on the motion on October 30, 2000.  In addition to raising its concerns about how to interpret the order, the State informed the court that on October 20, 2000, the fishing season closed at 12 noon but Tarabochia did not return to the jail until 7:40 P.M. which was one hour after sunset.  Tarabochia was not present during this argument and his counsel did not know why Tarabochia had not returned to the jail until 7:40 that night.  The court revoked the condition allowing Tarabochia's release pending sentencing.

At sentencing on December 4, 2000, Tarabochia argued for a sentence under the Special Sex Offender Sentencing Alternative (SSOSA).  The court declined to impose a SSOSA sentence, citing concerns about disclosures Tarabochia made during his polygraph examinations and about his violation of the condition of release.  The court imposed a standard range sentence of 126 months.

Id., Exhibit 2, pp. 1-2.

Petitioner filed a petition for writ of *habeas corpus* with the Wahkiakum County Superior Court on April 19, 2004, challenging the validity of his sentence. Id., Exhibit 3.  The trial court declined to act on the petition, however, stating it raised "only release issues" it had dealt with prior to petitioner's plea and sentencing. Id., Exhibit 5.  Petitioner appealed the trial court's decision denying his petition to the Washington State Court of Appeals. Id., Exhibit 6.  The court of appeals treated petitioner's appeal as a notice for discretionary review, directing him to file a motion for discretionary review, which petitioner subsequently did. Id., Exhibits 7-8.

Petitioner's motion for discretionary review was denied by the Washington State Court of Appeals Division II Court Commissioner on November 9, 2004. Id., Exhibit 2.  Petitioner filed a motion to modify the commissioner's ruling, which the court of appeals denied on January 20, 2005. Id., Exhibit 12-14.  Petitioner then filed a petition for review, which the Washington State Supreme Court treated as a motion for discretionary review. Id., Exhibits 15-16.  The Washington State Supreme Court Commissioner denied that motion on March 24, 2005. Id., Exhibit 19.

Petitioner filed a motion to modify the Washington State Supreme Court Commissioner's ruling, which the Washington State Supreme Court denied on June 1, 2005. Id., Exhibits 20, 22.  On June 22, 2005, that court issued a certificate of finality. Id., Exhibit 23.  Petitioner filed his federal petition for writ of *habeas corpus* with this court on August 1, 2005. (Dkt. #1 and #4).  He filed an amended petition on September 26, 2005 (Dkt. #9), pursuant to the court's order that he do so (Dkt. #8).

In his petition, petitioner challenges the legality of his sentence, based on the following grounds for federal *habeas corpus* relief:

(1)   Whether the trial court violated clearly established state and federal laws by denying him allocution at the hearing at which his pre-sentencing work release condition was revoked.

(2)   Whether the trial court prejudiced him by disregarding the written order it issued concerning the revocation of his pre-sentencing work release condition.

(3)   Whether his due process rights were violated by the trial court at sentencing, because he was denied a defense to mitigate his sentence.

(4)   Whether the federal *habeas corpus* grounds he raises are time-barred.

Petition, at pp. 4-5.[1]

There appears to be no issue of timeliness concerning the filing of petitioner's federal *habeas corpus* petition with this court.  While there do seem to be issues with respect to the exhaustion of state remedies concerning grounds two and four above, as explained below, it appears the state's highest court now would find those grounds to be procedurally barred.  Therefore, after carefully reviewing the petition, respondent's answer, petitioner's reply thereto, and the remaining record, the undersigned recommends that the Court deny the petition for the reasons set forth below.

## NO EVIDENTIARY HEARING IS REQUIRED

In a proceeding instituted by the filing of a federal *habeas corpus* petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).  Under 28 U.S.C. § 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." Id.

Where a petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded. Baja v. Ducharme, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (quoting Cardwell v. Greene, 152 F.3d 331, 337 (4th Cir. 1998)).  On the other hand, if the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows:

[1]These are actually the fourth and fifth pages of petitioner's petition.  However, they are numbered pages "(5)" and "(6)" respectively at the bottom of those pages.  For the sake of clarity and consistency, the court has used the page numbers that appear on the pages of petitioner's petition in its citations.

1    (A) the claim relies on--

2        (i) a new rule of constitutional law, made retroactive to cases on collateral review by
         the Supreme Court, that was previously unavailable; or
3
         (ii) a factual predicate that could not have been previously discovered through the
4        exercise of due diligence; and

5    (B) the facts underlying the claim would be sufficient to establish by clear and
     convincing evidence that but for constitutional error, no reasonable factfinder would
6    have found the applicant guilty of the underlying offense

7    28 U.S.C. § 2254(e)(2).

8        An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the

9    right to relief." Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998).  It "is *not* required on issues that

10   can be resolved by reference to the state court record." Id. (emphasis in original).  As the Ninth Circuit has

11   stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an

12   evidentiary hearing becomes nothing more than a futile exercise." Id.; United States v. Birtle, 792 F.2d

13   846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively

14   show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

15       Here, "[t]here is no indication from the arguments presented" by petitioner "that an evidentiary

16   hearing would in any way shed new light on the" grounds for federal *habeas corpus* relief raised in his

17   petition. Totten, 137 F.2d at 1177.  Because, as discussed below, the issues raised by petitioner may be

18   resolved based solely on the state court record and he has failed to prove his allegation of constitutional

19   errors, no evidentiary hearing is required.

20                                    DISCUSSION

21   I.    Standard of Review

22       A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to a

23   judgment of a state court:

24       [S]hall not be granted with respect to any claim that was adjudicated on the merits in
         State court proceedings unless the adjudication of the claim--
25
         (1) resulted in a decision that was contrary to, or involved an unreasonable
26       application of, clearly established Federal law, as determined by the Supreme Court
         of the United States; or
27
         (2) resulted in a decision that was based on an unreasonable determination of the
28       facts in light of the evidence presented in the State court proceeding.

1    28 U.S.C. § 2254(d).  Thus, 28 U.S.C. § 2254(d) "defines two categories of cases" where such relief may

2    be obtained. Williams v. Taylor, 529 U.S. 362, 404 (2000).

3         Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" the Supreme Court's "clearly

4    established precedent if the state court applies a rule that contradicts the governing law set forth" in the

5    Supreme Court's cases. Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams, 529 U.S. at 405-

6    06).  A state court decision also is contrary to the Supreme Court's clearly established precedent "if the

7    state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme

8    Court, "and nevertheless arrives at a result different from" that precedent. Id.

9         A state court decision can involve an "unreasonable application" of the Supreme Court's clearly

10   established precedent in the following two ways: (1) the state court "identifies the correct governing legal

11   rule" from the Supreme Court's cases, "but unreasonably applies it to the facts" of the petitioner's case; or

12   (2) the state court "unreasonably extends a legal principle" from the Supreme Court's precedent "to a new

13   context where it should not apply or unreasonably refuses to extend that principle to a new context where

14   it should apply." Williams, 529 U.S. at 407.  However, "[t]he 'unreasonable application' clause requires

15   the state court decision to be more than incorrect or erroneous." Lockyer, 538 U.S. at 75.  That is, "[t]he

16   state court's application of clearly established law must be objectively unreasonable." Id.

17        Under 28 U.S.C. § 2254(d)(2), a federal petition for writ of *habeas corpus* also may be granted "if

18   a material factual finding of the state court reflects 'an unreasonable determination of the facts in light of

19   the evidence presented in the State court proceeding.'" Juan H. V. Allen, 408 F.3d 1262, 1270 n.8 (9th Cir.

20   2005) (9th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)).  As noted above, however, "[a] determination of a

21   factual issue made by a State court shall be presumed to be correct," and the petitioner has "the burden of

22   rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

23   II.    Scope of Review and Harmless Error

24        The district court may not "reexamine state-court determinations on state-law questions." Estelle v.

25   McGuire, 502 U.S. 62, 67-68 (1991).  Thus, the court "is limited to deciding whether a conviction violated

26   the Constitution, laws, or treaties of the United States." Id. at 68; see also Smith v. Phillips, 455 U.S. 209,

27   221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may

28   intervene only to correct wrongs of constitutional dimension.").  In addition, for federal *habeas corpus*

REPORT AND RECOMMENDATION
Page - 5

relief to be granted, the constitutional error must have had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (citation omitted).  In other words, a petitioner is "not entitled to habeas relief based on trial error," unless he or she "can establish that it resulted in 'actual prejudice.'" Id.

III.    The Trial Court's Decision to Revoke the Condition Allowing Work Release Pending Sentencing Did Not Violate Petitioner's Due Process Rights

       With respect to grounds one and three above, petitioner claims the trial court denied his right to allocution, by revoking the condition that he be released to work pending his sentencing at a hearing at which he was not present.  He argues that because a "revocation" hearing is of the same magnitude as a sentencing hearing, he had a federal constitutional right to be present and present a defense.  Petitioner thus asserts the trial court's decision to revoke his pre-sentencing work release condition in his absence violated his right to due process.  Petitioner further argues this violation deprived him from effectively exercising his Sixth Amendment right to present a mitigating defense at his sentencing.

       It is not clear, however, that the pre-sentencing work release hearing at issue in this matter is the type of revocation proceeding, such as revocation of parole, which requires certain minimal due process protections.  See Morrissey v. Brewer, 408 U.S. 471 (1972).  More importantly though is the fact that no showing has been made that the trial court's alleged constitutional error in revoking petitioner's pre-sentencing work release condition affected the validity of his sentence.  As the Washington State Court of Appeals held in denying petitioner's motion for discretionary review:

          Tarabochia argues that the superior court committed obvious or probable error when it revoked his condition of release pending sentencing without notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  He contends that his condition of release was brought before the court for clarification, not for revocation.  But assuming that the superior court erred in revoking his condition of release without a hearing, Tarabochia fails to show that error renders further proceedings useless, substantially alters the status quo or substantially limits his freedom to act.  The condition of release would have been effective only until his sentencing on December 4, 2000.  Tarabochia contends that the court rejected his request for a SSOSA sentence "based on his termination from work release." . . . However, a review of the sentencing transcript reveals that while the court was concerned with Tarabochia's failure to timely return to the jail on October 20, 2000, it was more concerned with Tarabochia's deception that was revealed during his polygraph examinations.  Even had the superior court not revoked Tarabochia's condition of release, it would still not have imposed a SOSSA sentence.  Thus, the alleged error in revoking Tarabochia's condition of release had no effect on the sentence Tarabochia now serves.

Record, Exhibit 2, pp. 3-4.

The Washington State Supreme Court found petitioner's due process claims to be without merit as well, stating in relevant part as follows:

> The revocation of Mr. Tarabochia's presentence release does not affect the validity of his judgment and sentence. Mr. Tarabochia asserts that the revocation was the reason the superior court refused to grant the special sex offender sentencing alternative. But while the court did mention Mr. Tarabochia's failure to timely return to jail, it is evident from the record that the court considered that fact as only a minor point. The court denied Mr. Tarabochia the sentencing alternative because he displayed a pattern of dishonesty and deception regarding the offenses that led the court to believe he would not benefit from treatment. Plainly, the court would have denied the alternative even without the violation of release conditions.
>
> In his reply to the State's response to his motion, Mr. Tarabochia claims that he is not challenging the failure to grant a sentencing alternative, but only the revocation of his presentence release. In his initial pleading, however, Mr. Tarabochia argued that the revocation prejudiced him precisely because it played a part in the court's sentencing decision. Unless the revocation affected the sentence, any error in the revocation does not undermine the validity of the judgment and sentence. But taking Mr. Tarabochia at his word and focusing only on the revocation, Mr. Tarabochia fails to show that he is entitled to relief from the restraint imposed by the otherwise valid judgment and sentence.

Id., Exhibit 19, pp. 2-3.

A review of the transcripts of the pre-sentencing work release revocation hearing and petitioner's sentencing supports the state courts' determinations that any error on the part of the trial court at the pre-sentencing work release revocation hearing did not affect the validity of petitioner's sentence. See Record, Exhibit 4; Respondent's Supplemental Submission of Relevant State Court Record ("Supplemental Submission"), Exhibit 25 (Dkt. #21). Specifically, petitioner's violation of his work release condition was only a minor consideration for the trial court, which focused primarily on his "pattern of dishonesty and deception regarding the offenses that led the court to believe he would not benefit from treatment." Id., Exhibit 25. For this reason, grounds one and three set forth above must be denied. That is, because petitioner has not shown the trial court's alleged constitutional error in revoking his pre-sentencing work release in his absence had a "substantial and injurious effect or influence" on the sentence proceeding itself or "resulted in 'actual prejudice,'" he is not entitled to federal *habeas corpus* relief on those grounds. Brecht, 507 U.S. at 637.

The undersigned notes, in addition, that the record in this case reveals petitioner was provided the opportunity to testify on his behalf at his actual sentencing. See Supplemental Submission, Exhibit 25. However, while petitioner did take advantage of the opportunity to testify on his own behalf, he did not address the pre-sentencing work release revocation issue that is so central to his federal *habeas corpus*

petition.    Accordingly, while petitioner was not present (although he was represented by counsel) and did not testify on his own behalf at the pre-sentencing work release revocation hearing, he was not denied his right to do so at the sentencing itself.  Given these facts, therefore, it is difficult to see how the alleged denial of petitioner's right to allocution at the pre-sentencing work release rovocation hearing is of federal constitutional magnitude.

IV.    Petitioner's Second and Fourth Grounds for Seeking Federal *Habeas Corpus* Relief Are Both Unexhausted and Procedurally Barred

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion thus may not be implied or inferred.  A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made.  Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)).  A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).  The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992).  The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to

1  federal case law." <u>Insyxiengmay</u>, 403 F.3d at 668; <u>Baldwin</u>, 541 U.S. at 33.

2      Respondent asserts petitioner failed to exhaust in state court the second and fourth grounds that he

3  raised in his federal *habeas corpus* petition.  Defendant does not appear to challenge that assertion, though

4  he does argue that the "illegality" of his sentence precludes the court from applying any time or procedural

5  bars to his case.  <u>See</u> Petitioner's Reply, p. 6-7.  As discussed above, however, neither the law nor facts in

6  this matter reveal petitioner's sentence to have been at all "illegal."  A review of the record in this case,

7  furthermore, indicates that petitioner has not fairly and fully presented these claims to the state's highest

8  court, let alone at each level of appropriate state review.  As such, grounds two and four set forth above

9  are not exhausted.  Petitioner though requests the court allow him to either re-submit an amended petition,

10  striking the unexhausted claims, or to return to state court to exhaust them.

11      When a petitioner has defaulted on his claims in state court, principles of federalism, comity, and

12  the orderly administration of criminal justice require that federal courts forego the exercise of their *habeas*

13  *corpus* power.  <u>Francis v. Henderson</u>, 425 U.S. 536, 538-39 (1976).  Rules that promote prompt resolution

14  of all constitutional claims at the appropriate state court proceeding must be respected by a federal *habeas*

15  court.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991).  Thus, federal courts "may not adjudicate

16  mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims."

17  <u>Rhines v. Weber</u>, 125 S. Ct. 1528, 1532-33 (2005).  Instead, such petitions "must be dismissed for failure

18  to completely exhaust available state remedies."  <u>Jefferson v. Budge</u>, 419 F.3d 1013, 2005 WL 1949886 *2

19  (9th Cir. 2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22 (1982)).

20      As just discussed, two of petitioner's grounds for seeking federal *habeas corpus* relief have not

21  been fully exhausted.  Thus, petitioner has presented a mixed petition containing both exhausted and

22  unexhausted federal claims, which, also as just discussed, in itself requires dismissal of the petition.  Before

23  doing so, generally the court is required to provide petitioner with "the choice of returning to state court to

24  exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to

25  the district court."  <u>Id.</u>; <u>see also</u> <u>Rhines</u>, 125 S. Ct. at 1535; <u>Tillema v. Long</u>, 253 F.3d 494, 503 (9th Cir.

26  2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed petition by striking

27  unexhausted claims).  This is not so, however, where the petitioner would be procedurally barred from

28  returning to state court to address the unexhausted claims.

    A *habeas corpus* claim is barred from federal review if the petitioner has failed to exhaust state

REPORT AND RECOMMENDATION
Page - 9

1  remedies and the state's highest court would now find the claim to be procedurally barred. <u>Coleman</u>, 501

2  U.S. 735 n.1.  To give litigants "a fair opportunity to comply with known procedural rules, the controlling

3  state procedural bar is the one in place at the time the claim should have been raised." <u>Calderon v. U.S.</u>

4  <u>District Court for the Eastern District of California</u>, 103 F.3d 72, 75 (9th Cir. 1996).  Thus, "[o]nly if the

5  bar is 'firmly established and regularly followed' at that time will it serve as an adequate ground to

6  foreclose federal review." <u>Id.</u>  Since 1989, Washington has had a one-year period of limitation within

7  which a conviction or sentence may be collaterally attacked:

8      No petition or motion for collateral attack on a judgment and sentence in a criminal case
        may be filed more than one year after the judgment becomes final if the judgment and
9      sentence is valid on its face and was rendered by a court of competent jurisdiction.

10  RCW 10.73.090(1).  Although Washington state law also provides six statutory exceptions to the above

11  time limit, none of those exceptions apply in this case.  <u>See</u> RCW 10.73.100.

12      It appears that petitioner's judgment and sentence became final on September 17, 2003, when the

13  mandate was issued.[2] Record, Exhibit 24, p. 6, no. 139.  Thus, if petitioner were to attempt to return to the

14  state courts at this time to properly exhaust his claims, the one-year time limit would be applied.  Only if

15  petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

16  federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

17  justice," will he be entitled to federal *habeas corpus* review.  <u>See</u> <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1126

18  (9th Cir. 1998) (citing <u>Coleman</u>, 501 U.S. at 750).

19      To satisfy the "cause" prong, petitioner must show that "some objective factor external to the

20  defense" prevented him from complying with the state's procedural rule. <u>McCleskey v. Zant</u>, 499 U.S. 467,

21  493 (1991) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).  Objective factors constituting "cause"

22  include "interference by officials" making compliance with the procedural rule impracticable, as well as "a

23  showing that the factual or legal basis" for the claims "was not reasonably available." <u>Id.</u> at 493-94

24  (internal quotes omitted).  Constitutionally ineffective assistance of counsel also constitutes cause, but any

25  attorney error short of that will not excuse procedural default. <u>Id.</u> at 494.

26      The mere fact that a petitioner is *pro se* or lacks knowledge of the law, furthermore, is insufficient

27

28      [2]While the record before the court does not contain the actual mandate, petitioner states in his petition that the
    Washington State Supreme Court affirmed the Washington State Court of Appeals decision to affirm his conviction on August
    21, 2003 (<u>see</u> Petition, p.2-3), and he does not contest respondent's statement that the mandate was issued on September 17, 2003.

REPORT AND RECOMMENDATION
Page - 10

1    to satisfy the cause prong.  That is, "[w]hen a pro se petitioner is able to apply for post-conviction relief to

2    a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state

3    supreme court." Hughes v. Idaho State Board Of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (finding

4    petitioner's claims of illiteracy and lack of help in appealing post-conviction petition, though unfortunate,

5    to be insufficient to meet cause standard); Boyd, 147 F.3d at 1126-27.

6    　　　Once a petitioner establishes cause, he must show "'actual prejudice' resulting from the errors of

7    which he complains." Id. (quoting United States v. Frady, 456 U.S. 152, 168 (1982)).  Such prejudice

8    exists if the alleged errors worked to the petitioner's "*actual* and substantial disadvantage, infecting his

9    entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original).  In the

10   alternative, a *habeas corpus* petition may be granted without a showing of cause in those "extraordinary

11   instances when a constitutional violation probably has caused the conviction of one innocent of the crime."

12   McCleskey, 499 U.S. at 494; Murray, 477 U.S. at 495-96 (in extraordinary case, where constitutional

13   violation has probably resulted in conviction of one who is actually innocent, federal *habeas* court may

14   grant petition even in absence of showing of cause).

15   　　　Here, petitioner makes no showing that some objective factor external to his defense prevented him

16   from complying with Washington's procedural bar rule.  Because petitioner "cannot establish any reason,

17   external to him, to excuse his procedural default," this court need not address the issue of actual prejudice.

18   Boyd, 147 F.3d at 1127; Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991) (finding of lack of

19   cause eliminates court's need to discuss whether petitioner was prejudiced).  Furthermore, because

20   petitioner is not alleging that he is actually innocent, this is not the kind of extraordinary instance where the

21   petition should be granted despite the absence of a showing of cause. McCleskey, 499 U.S. at 494;

22   Murray, 477 U.S. at 495-96.

### CONCLUSION

24   　　　For the reasons set forth above, petitioner has failed to show that he is entitled to federal *habeas*

25   *corpus* relief.  Accordingly, the court should deny petitioner's petition.

26   　　　Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),

27   the parties shall have ten (10) days from service of this Report and Recommendation to file written

28   objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

REPORT AND RECOMMENDATION
Page - 11

1   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **April 14,**

2   **2006**, as noted in the caption.

3          DATED this 21st day of March, 2006.

4

5                                                    Karen L. Strombom
6                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 12